UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MATTHEW TALLMAN, on behalf of himself and all others similarly situated, | ) CASE NO. 3:20-cv-02712 )  ) |
| Plaintiff, | ) MAGISTRATE JUDGE DARRELL A. CLAY ) |
| vs. | ) ) |
| CROWN BATTERY MANUFACTURING COMPANY, | ) **ORDER OF DISMISSAL AND** ) **APPROVING SETTLEMENT** ) ) |
| Defendant. | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1.  On December 4, 2020, Representative Plaintiff Matthew Tallman filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt employees, including Plaintiff, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  (Doc. No. 1.)  Specifically, Plaintiff alleged that Defendant did not pay him and similarly-situated employees for performing pre- and post-shift work, including, but not limited to: a) changing into and out of their personal protective equipment, including but not limited to a shirt, pants, shoes, a respirator, gloves and/or safety glasses; b) getting tools and

equipment that were necessary to perform their manufacturing work; c) walking to and from their assigned areas of the manufacturing floor; and/or d) performing their manufacturing work. (*Id.*).

2. On February 11, 2021, Defendant answered the Amended Complaint and denied any wrongdoing of any kind or violations of any laws.

3. On April 20, 2021, Plaintiff filed his Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 11.) Following the filing of the Motion for Conditional Certification, Defendant agreed to stipulate to conditional certification and notice to the class, and the Parties filed their Joint Stipulation to Conditional Certification on June 21, 2021. (Doc. 14.)

4. The Notice to Potential Class Members was issued on July 30, 2021 and the Opt-In Period closed on September 13, 2021.

5. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

6. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

7. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

8. Between February 7, 2022 and July 18, 2022, the Parties engaged in extensive settlement negotiations. On July 18, 2022, the Parties attended a full day mediation with this

Court, during which the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1 to the Parties Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

9. The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

10. Furthermore, there is a *bona fide* dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willful and has a good faith defense.

11. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a *bona fide* dispute over the provisions of the Fair Labor Standards Act.

12. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

13. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this __4th__ day of _____August_____, 2022.

_____
HONORABLE MAGISTRATE JUDGE
DARRELL A. CLAY